# United States Court of Appeals for the Fifth Circuit

———————

No. 23-40658
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

August 22, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jose Alonso Saldana-Alaniz,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:22-CR-822-1

———————————————————

Before Smith, Stewart, and Duncan, *Circuit Judges*.

Per Curiam:*

Jose Saldana-Alaniz entered a conditional plea of guilty to possession of ammunition by an illegal alien in violation of 18 U.S.C. § 922(g)(5)(A) and former 18 U.S.C. § 924(a)(2). He challenges the denial of his motion to suppress evidence—specifically, the ammunition that formed the basis of his conviction. He reserved in writing the right to appeal this ruling when he

———————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

entered his conditional guilty plea. *See* Fed. R. Crim. P. 11(a)(2).

We review the factual findings for clear error and the ultimate constitutionality of law enforcement action *de novo*. *United States v. Robinson*, 741 F.3d 588, 594 (5th Cir. 2014). "[T]he scope of consent to a search is a question of law" that we review *de novo*. *United States v. Iraheta*, 764 F.3d 455, 460 (5th Cir. 2014).

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures," U.S. Const. amend. IV, so "the ultimate touchstone of the Fourth Amendment is reasonableness," *Heien v. North Carolina*, 574 U.S. 54, 60 (2014) (internal quotation marks and citation omitted). To measure the scope of consent, the test is "objective reasonableness—what would the typical reasonable person have understood by the exchange between the officer and the suspect?" *Iraheta*, 764 F.3d at 462 (internal quotation marks and citation omitted).

Saldana-Alaniz fails to show that a reasonable person would not have understood that he was consenting to a search of his one-room efficiency apartment when he told officers that they could search his apartment. *See id.*; *see also United States v. Sarli*, 913 F.3d 491, 495 (5th Cir. 2019). Moreover, even if the officers failed to appreciate a limitation that he contends he placed on his consent, that mistake was reasonable given that Saldana-Alaniz expressly agreed to the search and told them he lived in the efficiency. *See Heien*, 574 U.S. at 60–61.

AFFIRMED.